LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MANUEL PALAGUACHI,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

W 46 RESTAURANT LLC
    d/b/a CHAZZ PALMINTERI,
RJJ RESTAURANT LLC
    d/b/a EMPIRE STEAK HOUSE,
RIJJ RESTAURANT LLC
    d/b/a EMPIRE STEAK HOUSE,
HPA RESTAURANT LLC
    d/b/a BEN & JACK'S STEAKHOUSE,
BJ&HR RESTAURANT GROUP LLC
    d/b/a BEN & JACK'S STEAKHOUSE,
M.L.V. RESTAURANT LLC
    d/b/a BEN & JACK'S STEAKHOUSE,
SHEFKET SINANAJ a/k/a JACK SINANAJ,
XHAFER SINANAJ a/k/a JEFF SINANAJ,
RRUSTEM SINANAJ a/k/a RUSS SINANAJ
and AZIR SINANAJ a/k/a BEN SINANAJ,

    Defendants.

Case No.: 18-cv-3886

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, MANUEL PALAGUACHI ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and

1

Collective Action Complaint against Defendants, W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI, RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE, RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE, HPA RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE, BJ&HR RESTAURANT GROUP LLC d/b/a BEN & JACK'S STEAKHOUSE, M.L.V. RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE (colletively, "Corporate Defendants"), SHEFKET SINANAJ a/k/a JACK SINANAJ, XHAFER SINANAJ a/k/a JEFF SINANAJ, RRUSTEM SINANAJ a/k/a RUSS SINANAJ and AZIR SINANAJ a/k/a BEN SINANAJ (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff MANUEL PALAGUACHI is a resident of Queens County, New York.

2

6. Defendants have operated five (5) restaurants in New York City with trade names and addresses as follows:

(a) 30 West 46th Street, New York, NY 10036 ("Chazz Palminteri");

(b) 237 West 54th Street, New York, NY 10019 ("Empire Steak House");

(c) 151 East 50th Street, New York, NY 10022 ("Empire Steak House," previously located at 36 West 52nd Street, New York, NY 10019);

(d) 255 5th Avenue, New York, NY 10016 ("Ben & Jack's Steakhouse"); and

(e) 219 East 44th Street, New York, NY 10016 ("Ben & Jack's Steakhouse")

(collectively, "Sinanaj Restaurants").

Defendants operate Sinanaj Restaurants as a single integrated enterprise. Specifically, Sinanaj Restaurants are engaged in related activities, share common ownership and management, and have a common business purpose. Sinanaj Restaurants are family owned and operated by the Individual Defendants SHEFKET SINANAJ a/k/a JACK SINANAJ, XHAFER SINANAJ a/k/a JEFF SINANAJ, RRUSTEM SINANAJ a/k/a RUSS SINANAJ and AZIR SINANAJ a/k/a BEN SINANAJ. Restaurant supplies and employees are interchangeable among Sinanaj Restaurants, and are transferred between the Restaurants on an as-needed basis. Defendants maintain centralized labor relations and implement the same employment policies and practices across Sinanaj Restaurants.

7. Corporate Defendant W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 30 West 46th Street, New York, NY 10036, and an address for service of process located at 237 West 54th Street, New York, NY 10019. Defendants operate "Chazz Palminteri" restaurant through W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI. Corporate Defendant W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI is a successor-

in-interest to corporate entity JJR III Restaurant LLC d/b/a Chazz Palminteri, which was dissolved on Febraury 23, 2018.

8. Corporate Defendant RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 237 West 54th Street, New York, NY 10019 and an address for service of process located at 36 West 52nd Street, New York, NY 10019. Defendants operate "Empire Steak House" located at 237 West 54th Street, New York, NY 10019 through RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE.

9. Corporate Defendant RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 151 East 50th Street, New York, NY 10022, and an address for service of process located at 237 West 54th Street, New York, NY 10019. Defendants operate "Empire Steak House" located at 151 East 50th Street, New York, NY 10022 through RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE. Corporate Defendant RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE is a successor-in-interest to corporate entity Sinanaj Bros Restaurant LLC d/b/a Empire Steak House, which (i) operated the restaurant under the same name, ownership and management until in or about March 2015 at 36 West 52nd Street, New York, NY 10019 and (ii) was dissolved on September 21, 2015.

10. Corporate Defendant HPA RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 255 5th Avenue, New York, NY 10016. Defendants operate "Ben & Jack's Steakhouse" located at

4

255 5th Avenue, New York, NY 10016 through HPA RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE.

11. Corporate Defendant BJ&HR RESTAURANT GROUP LLC d/b/a BEN & JACK'S STEAKHOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 219 East 44th Street, New York, NY 10016. Defendants operate "Ben & Jack's Steakhouse" located at 219 East 44th Street, New York, NY 10016 through BJ&HR RESTAURANT GROUP LLC d/b/a BEN & JACK'S STEAKHOUSE, and is a successor-in-interest to Corporate Defendant M.L.V. RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE.

12. Corporate Defendant M.L.V. RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located at 219 East 44th Street, New York, NY 10016, and an address for service of process located at 255 5th Avenue, New York, NY 10016. Defendants operated "Ben & Jack's Steakhouse" located at 219 East 44th Street, New York, NY 10016 through M.L.V. RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE until in or about July 2015, and is a predecessor-in-interest to Corporate Defendant BJ&HR RESTAURANT GROUP LLC d/b/a BEN & JACK'S STEAKHOUSE.

13. Individual Defendant SHEFKET SINANAJ a/k/a JACK SINANAJ is an owner and senior executive officer of Corporate Defendants. SHEFKET SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. SHEFKET SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect

the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to SHEFKET SINANAJ regarding any of the terms of their employment, and SHEFKET SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. SHEFKET SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. SHEFKET SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. SHEFKET SINANAJ exercised functional control over the business and financial operations of Corporate Defendants.

14. Individual Defendant XHAFER SINANAJ a/k/a JEFF SINANAJ is an owner and senior executive officer of Corporate Defendants. XHAFER SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. XHAFER SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to XHAFER SINANAJ regarding any of the terms of their employment, and XHAFER SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. XHAFER SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. XHAFER SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. XHAFER SINANAJ exercised functional control over the business and financial operations of Corporate Defendants.

15. Individual Defendant RRUSTEM SINANAJ a/k/a RUSS SINANAJ is an owner and senior executive officer of Corporate Defendants and their predecessors-in-interest.

RRUSTEM SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. RRUSTEM SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to RRUSTEM SINANAJ regarding any of the terms of their employment, and RRUSTEM SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. RRUSTEM SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. RRUSTEM SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. RRUSTEM SINANAJ exercised functional control over the business and financial operations of Corporate Defendants.

16.     Individual Defendant AZIR SINANAJ a/k/a BEN SINANAJ is an owner and senior executive officer of Corporate Defendants and their predecessors-in-interest. AZIR SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. AZIR SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to AZIR SINANAJ regarding any of the terms of their employment, and AZIR SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. AZIR SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. AZIR SINANAJ ensured that employees effectively serve customers and that

the business is operating efficiently and profitably. AZIR SINANAJ exercised functional control over the business and financial operations of Corporate Defendants.

17.     Corporate Defendants W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI, RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE, and BJ&HR RESTAURANT GROUP LLC d/b/a BEN & JACK'S STEAKHOUSE (collectively, "Successor Defendants") are successors-in-interest to JJR III Restaurant LLC d/b/a Chazz Palminteri, Sinanaj Bros Restaurant LLC d/b/a Empire Steak House, and M.L.V. RESTAURANT LLC d/b/a BEN & JACK'S STEAKHOUSE respectively (collectively, "Predecessor Entities") because:

(a) Successor Defendants are owned and operated by the same individuals (named as Individual Defendants herein) as Predecessor Entities;

(b) Successor Defendants continued the operation of the same type of business as Predecessor Entities;

(c) Successor Defendants continued the operation of the business under the same trade name as Predecessor Entities;

(d) Successor Defendants continued the operation of the business at the same physical address as Predecessor Entities with the same look and feel;

(e) Predecessor Entities transferred inventory and equipment to Successor Defendants;

(f) Successor Defendants retained most employees previously employed by Predecessor Entities;

(g) Successor Defendants employ individuals in the same positions as Predecessor Entities, and under substantially the same working conditions;

    (h)    Successor Defendants continued the labor and employment policies of Predecessor Entities;

    (i)    Successor Defendants had notice of potential liability under the FLSA and NYLL prior to acquiring the business from Predecessor Entities; and

    (j)    Successor Defendants had actual or constructive knowledge that unpaid wages were owed to former employees prior to acquiring the business from Predecessor Entities.

18. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

19. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

21. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in the willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly

9

rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

22. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

23. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf all non-exempt employees, including cooks, food preparers, dishwashers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class").

24. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)  Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)  Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York Labor Law requires that all non-exempt employees be paid on an hourly basis;

(f)  Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(g)  Whether Defendants paid Plaintiff and Class members the spread of hours premium under the New York Labor Law;

(h)  Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(i)  Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

31.  From in or about October 2015 until on or about October 7, 2017, Plaintiff MANUEL PALAGUACHI was employed by Defendants to work as a cook for Defendants' "Chazz Palminteri" restaurant located at 30 West 46th Street, New York, NY 10036.

32.  During his employment with Defendants, Plaintiff MANUEL PALAGUACHI was regularly required to work at Defendants' "Empire Steak House" restaurant located at 151 East 50th Street, New York, NY 10022 on an as-needed basis. Similarly, Plaintiff regularly observed other employees being sent to work at different Sinanaj Restaurants as needed. Based on Plaintiff's experience and conversations with co-workers, all non-exempt employees were subject to the same employment policies and practices at Sinanaj Restaurants.

33.  From the beginning of his employment with Defendants until in or about June 2017, Plaintiff MANUEL PALAGUACHI had a regular work schedule of (i) nine (9) hours per day, from 9:00 a.m. to 6:00 p.m., on Mondays through Fridays, and (ii) twelve (12) hours per day, from 12:00 p.m. to 12:00 a.m., on Saturdays each week. From in or about July 2017 until the end of his employment with Defendants, Plaintiff had a regular work schedule of eight-and-a-half (8½) hours per day, from 5:30 a.m. to 2:00 p.m., on Mondays through Saturdays each week. Defendants did not allow Plaintiff to take any meal breaks throughout his employment.

34.  From the beginning of his employment with Defendants until in or about December 2015, Plaintiff MANUEL PALAGUACHI was paid a fixed salary of $750 per week regardless of actual hours worked. From in or about January 2016 until in or about December 2016, Plaintiff was paid a fixed salary of $850 per week regardless of actual hours worked. From in or about January 2017 until the end of his employment with Defendants, Plaintiff was paid a fixed salary of $900 per week regardless of actual hours worked. However, there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff.

35.  Based on Plaintiff's observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members had similar work hours as Plaintiff, and were

14

similarly paid on a fixed salary basis with no agreement that such fixed salary covered their overtime hours worked.

36. Throughout his employment with Defendants, Plaintiff MANUEL PALAGUACHI was paid with two separate checks each week: (i) one check for approximately $650 to $800, issued through a payroll company and attached to a fraudulent wage statement showing incorrect work hours and pay rates, and (ii) the second check for the remaining wage balance, issued directly from Defendants' corporate bank account.

37. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

38. At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

39. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

41. Defendants knowingly and willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

42. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

45. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the the overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time shaving, plus an equal amount as liquidated damages.

55. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

61. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

62. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

63. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of unpaid spread of hours due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium, pursuant to the NYLL;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 1, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*